IN THE DISTRICT COURT OF THE UNITED STATES
NEW HAMPSHIRE FIRST CIRCUIT COURT

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2005 JAN -7 A 10: 59

**NAME OF PLAINTIFF**
   Arthur M. Burns, Jr.

vs.                                        Case No. 03-CV-606

**NAME OF BANK**
   CITIBANK (SOUTH DAKOTA), N.A.

1.05-9-JD

**LAW OFFICES**
   WELLS LAW OFFICE

**ATTORNEY**
   TIMOTHY WELLS

ARTHUR M. BURNS JR.

DEFENDANT

## PETITION, COMPLAINT, AND CLAIM UNDER AUTHORITY OF USC 1964 (a)
## SUBJECT MATTER JURISDICTIONAL STATEMENT

**FEDERAL QUESTION JURISDICTION: 28 USC § 1331:** The federal district court has subject matter jurisdiction to consider this claim under authority of 18 USC § 1964(a) and by virtue of sufficient pleadings clearly articulating violations of 18 USC § 1961 & 1962. The violations are pled with particularity *infra*. Furthermore, the clear face of this record shows the claims of Arthur M. Burns, Jr. in harmony with *Attick v. Valeria Associates, L.P.*, S.D. N.Y. 1992, 835 F. Supp. 103, *Avirgan v. Hull*, C.A. 11 (Fla.) 1991, 932 F.2d 1572, *Yellow Bus Lines, Inc. v. Drivers, Chauffeurs & Helpers Local Union 639*, C.A.D.C. 1990, 913 F.2d 948, 286 U.S. App. D.C. 182, certiorari denied 111 S.Ct. 2839, 501 U.S. 1222, 115 L.Ed. 2d 1007, *Hecht v. Commerce Clearing House, Inc.* C.A. 2 (N.Y.) 1990, 897 F.2d 21, 100 A.L.R. Fed. 655, *Standard Chlorine of Delaware, Inc. v. Sinibaldi*, D.Del. 1992, 821 F. Supp. 232, *Jordan v. Herman*, F.D. Pa. 1992, 792 F. Supp. 380, *Nassau-Suffolk Ice Cream, Inc. v. Integrated Resources, Inc.* S.D.N.Y. 1987, 114 F.R.D. 684, *Polletier v. Zweifel*, C.A. 11 (Ga.) 1991, 921 F.2d 1465, rehearing denied 931 F.2d 901, certiorari denied 112 S.Ct. 167, 502 U.S. 855, 116 L.Ed. 131, *Khurana v. Innovative Heath Care Systems, Inc.*, C.A. 5 (La.) 1997, 130 F.3d 143, vacated 119 S.Ct. 442, 525 U.S. 979, 142 L.Ed. 2d 397, on remand 164 F.3d 900, *In re American Honda Motor Co., Inc. Dealership Relations Litigation*, D.Md. 1996, 941 F.Supp. 528, *Red Ball Interior Demolition Corp. v. Palmadessa*, S.D.N.Y. 1995, 908 F.Supp. 1226, *Protter v. Nathan's Famous Systems, Inc.* E.D. N.Y. 1995, 904 F.Supp. 101, *Prudential Ins. Co. of America v. U.S. Gypsum Co.* D.N.J. 1993, 828 F.Supp. 287, and *Compagnie de Reassuarance D'Ile de France v. New England Reinsurance Corp.* D. Mass. 1993, 825 F.Supp. 370.

### Statement of *in personum* jurisdiction

CITIBANK (SOUTH DAKOTA), N.A., is an enterprise affecting interstate commerce. CITIBANK (SOUTH DAKOTA), N.A., operates from 7930 N.W. 110th. Street in Kansas City, Missouri 64153. WELLS LAW OFFICE, located at P.O. Box 735, in White River Junction, Vermont 05001 is a local facilitator of fraud and extortion for CITIBANK (SOUTH DAKOTA), N.A.. Timothy Wells is a member of

the enterprise, WELLS LAW OFFICE. Edward R. Thorton Jr. aided and abetted WELLS LAW OFFICE, and Timothy Wells in Wells's violations of 18 USC § 1961 & 1962.

### Statement of venue

Venue is appropriate in the District Court of the United States as the predicate acts of fraud and extortion committed by Timothy Wells occurred in the New Hampshire First Circuit Court.

### Theory of the case

Timothy Wells is engaged in the debt collection fraud racket. **HOW THE DEBT COLLECTION FRAUD RACKET WORKS:** WELLS LAW OFFICE is a subset of the debt collection racket, a wide-spread, far-reaching scam composed of artists such as Timothy Wells. How the scam works: In a back room of the Chicago Board of Trade, worthless bundles of commercial paper in the form of copies of charged off debt are sold at auction or from "debt purchasing" organizations such as Collins Financial Services, Inc., a.k.a. sales@cfsi.net, Money World Network, foreclosurestore.com, and loans@money-finance.us. Actors such as Wells can also rely on such resources as collection industry.com. The typical face value of the bundles often amounts to tens of millions of dollars. The original makers of the loans including mortgagees and credit card debt are rarely harmed because they most often have hypothecated the loan and have risked nothing. Actors up line from such artists as Timothy Wells then break apart the bundles and resell the worthless commercial paper in clusters based on who the original creditor is and what the geographic location of the origin of the individual copies. Artists such as Timothy Wells are the actual "end user" holders in due course although typically in the scam, artists such as WELLS LAW OFFICE invest as little as 75 cents on the hundred dollar face amount for the

worthless commercial paper, then allege they are third party debt collectors attempting to collect for the original maker of the loan. Enterprises such as WELLS LAW OFFICE, in turn, mark up the worthless commercial paper and resell to artists such as Wells, who, for a very small investment, use threat, coercion, intimidation, and deception to defraud and extort money and property from parties such as Arthur M. Burns, Jr. Whenever necessary, scam artists such as Timothy Wells, subject parties such as Arthur M. Burns, Jr. to sham legal proceedings where: (1) Standing to sue in the respective state court is never proved, (2) Standing to sue as a bona fide holder-in-due-course is never proved, (3) Corporate charter authority to make consumer loans is never proved, (4) Corporate charter authority to sue for damages on consumer loans is never proved, (5) Damages in fact are never proved, and (6). Delegation of authority from enterprises such as CITIBANK (SOUTH DAKOTA), N.A. to predicate actors such as Timothy Wells is never proved. When defendants raise any defense whatsoever, judges such as, Edward R. Thorton, take an attitude of "guilty, without consideration of the facts." In this instant case, Thorton failed to recognize the fraud of Timothy Wells using CITIBANK (SOUTH DAKOTA), N.A. as the Plaintiff. This racket is particularly heinous in the case of credit card contracts, which as a continuing series of offers to contract, are non-transferable. The scam is complete when artists such as Timothy Wells, with the cooperation of the judges, like Edward R. Thorton defraud parties such as Arthur M. Burns, Jr.

### FIRST PREDICATE ACT IN VIOLATION OF 18 USC § 1961 & 1962:

July 9, 2003, predicate actor, Wells, filed a fraudulent security instrument that fraudulently claimed that Arthur M. Burns, Jr. was indebted to CITIBANK (SOUTH DAKOTA), N.A. in a sum in excess of $8,948.83 thousand dollars. Concisely, Wells advanced a writing which Wells knew was false, with the intention that Arthur M. Burns, Jr. rely on the fraud to Arthur M. Burns, Jr's detriment. Wells's fraudulent claim was urged under color of an official right. A jury shall determine that Timothy Wells absolutely violated 18 USC § 1961 & 1962 by the fraud and extortion which occurred on July 9, 2003.

**SECOND PREDICATE ACT IN VIOLATION OF 18 USC §1961 & 1962:**

August 14, 2003 predicate actor Timothy Wells filed a fraudulent security instrument that fraudulently claimed that Arthur M. Burns, Jr. was indebted to CITIBANK (SOUTH DAKOTA), N.A. in a sum in excess of $8,948.83. Concisely, Wells advanced a writing which Wells knew was false, with the intention that Arthur M. Burns, Jr. rely on the fraud to Arthur M. Burns, Jr.'s detriment. Wells's fraudulent claim was urged under color of an official right. A jury shall determine that Timothy Wells absolutely violated 18 USC §1961 & 1962 by the fraud and extortion which occurred on August 14, 2003.

**THIRD PREDICATE ACT IN VIOLATION OF 18 USC §1961 & 1962:**

JANUARY 15, 2004 predicate actor, Timothy Wells filed a fraudulent security instrument that fraudulently claimed that Arthur M. Burns, Jr. was indebted to CITIBANK (SOUTH DAKOTA), N.A. in a sum in excess of $8,948.83 thousand dollars. Concisely, Wells advanced a writing which Wells knew was false, with the intention that Arthur M. Burns, Jr. rely on the fraud to Arthur M. Burns, Jr.'s detriment. Wells's fraudulent claim was urged under color of an official right. A jury shall determine that Timothy Wells absolutely violated 18 USC §1961 & 1962 by the fraud and extortion which occurred on January 15, 2004. In this episode of mischief, Wells secured Thorton's sworn agreement to aide and abet in the defrauding of Arthur M. Burns, Jr..

## Affidavit

I, Arthur M. Burns, Jr., of age and competent to testify, state as follows based on my own personal knowledge:
1. I was contacted by Timothy Wells about .August 12, 2003. Wells alleged that I owed him a large sum of money, but in the time since, has refused to document and verify that I owe him, CITIBANK (SOUTH DAKOTA), N.A., or WELLS LAW OFFICE money.
2. September 3, 2003, Timothy Wells falsely alleged that CITIBANK (SOUTH DAKOTA), N.A. had a claim against me and had authority to sue in New Hampshire courts.
3. September 3, 2004, Timothy Wells falsely alleged that a party who had no personal knowledge of the business records of CITIBANK (SOUTH DAKOTA), N.A. could testify competently about CITIBANK (SOUTH DAKOTA), N.A.'S records.
4. January 15, 2004, Timothy Wells secured agreement from Thorton that Thorton would help Wells defraud me.
5. As a result of the harassment of Wells and Wells's repeated attempts to extort money and property from me and because of Wells's dissemination of false information about my finances, I have been deprived of business opportunities and been damaged in my business enterprises.

                                                        _[signature]_
                                                        Arthur M. Burns, Jr.

STATE OF __NH__                 INDIVIDUAL ACKNOWLEDGMENT
COUNTY OF __Hillsboro__

    Before me, the undersigned, a Notary Public in and for said County and State on this __27__ day of __Dec__, 200_4_, personally appeared __Arthur Hilton Burns Jr__ to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act.

    Given under my hand and seal the day and year last above written.

My commission expires: __12-18-07__

                                                        _[signature]_ Notary Public

                                        CARL D. TRACZYNSKI, Notary Public
                                     My Commission Expires December 18, 2007

## Plaintiff's RICO case statement detailing the racketeering enterprise, the predicate acts of racketeering, and the economic purpose

WELLS LAW OFFICE, is running a racket by taking money and property from parties situated similarly to Arthur M. Burns, Jr. to satisfy nonexistent "debts." This court shall notice that Arthur M. Burns, Jr., in this complaint, has **testified** of injury to property and business by reason of acts which violate section 4 of the Clayton Act. See *Attick v. Valeria Associates, L.P.*, S.D. N.Y. 1992, 835 F. Supp. 103. Arthur M. Burns, Jr. has articulated violations of racketeering laws, testified that the violations injured both business and property warranting treble damages. See *Avirgan v. Hull*, C.A. 11 (Fla.) 1991, 932 F.2d 1572. In naming WELLS LAW OFFICE, an enterprise to which Timothy Wells belongs, Arthur M. Burns, Jr. has established that an enterprise exists which undeniably affects interstate commerce. See *Yellow Bus Lines, Inc. v. Drivers, Chauffeurs & Helpers Local Union 639*, C.A.D.C. 1990, 913 F.2d 948, 286 U.S. App. D.C. 182, certiorari denied 111 S.Ct. 2839, 501 U.S. 1222, 115 L.Ed. 2d 1007. Arthur M. Burns, Jr. has standing to sue under RICO as Arthur M. Burns, Jr. has shown violations of RICO, injury to business and property, and causation of the injury by the violations. See *Hecht v. Commerce Clearing House, Inc.* C.A. 2 (N.Y.) 1990, 897 F.2d 21, 100 A.L.R. Fed. 655. Arthur M. Burns, Jr. has perfected a RICO claim by showing the existence of a RICO enterprise, showing a pattern of racketeering activity: fraud, shown nexus between the defendants and the pattern of frauds, and shown resulting injury to business and property. See *Standard Chlorine of Delaware, Inc. v. Sinibaldi*, D.Del. 1992, 821 F. Supp. 232. Arthur M. Burns, Jr. has demonstrated that Arthur M. Burns, Jr. sustained injury as proximate result of the pattern of frauds by the defendants. See *Jordan v. Herman*, F.D. Pa. 1992, 792 F. Supp. 380. Timothy Wells's membership in the enterprise, WELLS LAW OFFICE, empowers Wells to do illicit business benefiting WELLS LAW OFFICE, directly and indirectly. WELLS LAW OFFICE is able to recoup and profit by CITIBANK (SOUTH DAKOTA), N.A., investment affecting interstate commerce. See *Nassau-Suffolk Ice Cream, Inc. v. Integrated Resources, Inc.* S.D.N.Y. 1987, 114 F.R.D. 684. Arthur M. Burns, Jr. clearly articulated being Wells's target of extortion and resulting business loses. See *Polletier v. Zweifel*, C.A. 11 (Ga.) 1991, 921 F.2d 1465, rehearing denied 931

F.2d 901, certiorari denied 112 S.Ct. 167, 502 U.S. 855, 116 L.Ed. 131. The cause-in-fact that but for the chicanery of the enterprise member, Timothy Wells, Arthur M. Burns, Jr. would have his money and his business would not have incurred tangible losses is sufficient to state factual causation for provision of RICO act providing for treble damages. See *Khurana v. Innovative Heath Care Systems, Inc.*, C.A. 5 (La.) 1997, 130 F.3d 143, vacated 119 S.Ct. 442, 525 U.S. 979, 142 L.Ed. 2d 397, on remand 164 F.3d 900. Arthur M. Burns, Jr.'s reliance on traditional principles of proximate causation applying to RICO cases is illustrated in the well pleaded, testimony that Arthur M. Burns, Jr. was the target of extortion and his business interfered with by predicate acts of the defendants. See *In re American Honda Motor Co., Inc. Dealership Relations Litigation*, D.Md. 1996, 941 F.Supp. 528. There exists an undeniable relationship between the acts of the defendants and the damage to property and business interests of Arthur M. Burns, Jr.. See *Red Ball Interior Demolition Corp. v. Palmadessa*, S.D.N.Y.1995, 908 F. Supp. 1226. The damage caused by the defendants was the natural and reasonably foreseeable consequence of the frauds promulgated by the defendants. See *Protter v. Nathan's Famous Systems, Inc.* E.D. N.Y. 1995, 904 F.Supp. 101. The fraud by the defendants was the legal cause of Arthur M. Burns, Jr. being the target of extortion, his business interests being interfered with, and related damages. See *Prudential Ins. Co. of America v. U.S. Gypsum Co.* D.N.J. 1993, 828 F. Supp. 287. The enterprise, CITIBANK (SOUTH DAKOTA), N.A. is evident to a high degree and it is also evident to a high degree that associates such as Timothy Wells act as a continuing unit. See *Compagnie de Reassuarance D'Ile de France v. New England Reinsurance Corp.* D. Mass. 1993, 825 F. Supp. 370. It is undeniable that WELLS LAW OFFICE receives money for defrauding parties such as Arthur M. Burns, Jr. and WELLS LAW OFFICE receipts and compensation to collateral enterprises represents their necessary investment in the class of business to which WELLS LAW OFFICE belongs for the continuing privilege of, in the vernacular, continuing to rip people off in phony, sham proceedings. See *Grand Cent. Sanitation, Inc. v. First Nat. Bank of Palmerton*, M.D.Pa. 1992, 816 F.Supp. 299. Undeniably, the defendants have used the courts for purposes of fraud and extortion. Wells's pattern of attacks on Arthur M. Burns, Jr. is but one of many of examples of fraud by WELLS LAW OFFICE and other enterprises similarly constituted.

## Remedy sought and prayer for relief

The Federal District Court has a duty to order the dissolution of CITIBANK (SOUTH DAKOTA), N.A. and WELLS LAW OFFICE under authority of 18 USC §1964(a). The Federal District Court is empowered to order treble damages as remedial to the racketeering activities of "RICO" enterprises and their constituent members. A jury's determination that WELLS LAW OFFICE by and through Timothy Wells and Edward R. Thorton Jr. has engaged in a pattern of frauds rising to a level of racketeering requires this court's order to CITIBANK (SOUTH DAKOTA), N.A. and WELLS LAW OFFICE to dissolve and cease operations. A jury's determination that WELLS LAW OFFICE., by and through Timothy Wells and Edward R. Thorton Jr., committed or aided and abetted two or more predicate acts of fraud resulting in defrauding Arthur M. Burns, Jr. and others similarly situated of property and business interests justly requires ordering CITIBANK (SOUTH DAKOTA), N.A., WELLS LAW OFFICE, and Timothy Wells and Edward R. Thorton Jr., to compensate all parties in a sum not less than three times the collective sums of property and losses to businesses of all who are similarly situated

TRIAL BY JURY DEMANDED

Prepared and submitted by: *[signature]*
Arthur M. Burns, Jr.
45 CODY ST.
MANCHESTER, N.H 03109
603-668-0605